UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMIE B.,

                       Plaintiff,

v.                                                                        6:18-CV-323(TWD)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                       Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF PETER M. HOBAIKA, LLC         B. BROOKS BENSON, ESQ.
For Plaintiff
2045 Genesee Street
Utica, NY 13761

HON. GRANT JAQUITH                          SIXTINA FERNANDEZ, ESQ.
United States Attorney                              Special Assistant
For Defendant
100 S. Clinton St.
PO Box 7198
Syracuse, NY 13261-7198

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **ORDER**

      Presently before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §405(g), are cross-motions for judgment on the pleadings.¹ Oral argument was conducted in connection with

---

¹     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

those motions on May 21, 2019, during a telephone conference at which a court reporter was present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found the Commissioner's determination resulted from the application of proper legal principles and was supported by substantial evidence, and I provided further detail regarding my reasoning and addressing the specific issues raised by the Plaintiff in his appeal.

After due deliberation, and based up the Court's oral bench decision, which has been transcribed, is attached to this Order and is incorporated in its entirety by reference herein, it is hereby,

ORDERED, as follows:

(1) Defendant's motion for judgment on the pleadings is **GRANTED**;

(2) The Acting Commissioner's determination that Plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is **AFFIRMED**; and

(3) The Clerk is directed to enter judgment, based upon this determination, dismissing Plaintiff's complaint in its entirety.

SO ORDERED.

Dated: May 28, 2019
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

```
       UNITED STATES  DISTRICT COURT
       NORTHERN DISTRICT OF NEW YORK
       ------------------------------------------x
       JAMIE B.,

                                  Plaintiff,

       vs.                            6:18-CV-323

       NANCY A. BERRYHILL, Acting Commissioner
       of Social Security,


                                  Defendant.
       ------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on May 21, 2019, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE THÉRÈSE WILEY DANCKS, United States Magistrate Judge, Presiding.

```
                       A P P E A R A N C E S

                          (By Telephone)

       For Plaintiff:    OFFICE OF PETER M. HOBAICA, LLC
                         Attorneys at Law
                         2045 Genesee Street
                         Utica, New York  13501
                           BY:  B. BROOKS BENSON, ESQ.

       For Defendant:    SOCIAL SECURITY ADMINISTRATION
                         Office of Regional General Counsel
                         Region II
                         26 Federal Plaza - Room 3904
                         New York, New York  10278
                           BY:  SIXTINA FERNANDEZ, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1           (In Chambers, Counsel present by telephone.)
2           THE COURT: So I have before me a request for judicial review of an adverse determination by the Acting Commissioner under 42 United States Code Section 405(g). The background is as follows: Plaintiff was born in August of 1969 and is currently 49 years old. She was 43 years old at the onset of her alleged disability. She completed high school and last worked in 2008 when she stopped working to care for her younger son. Her past jobs have included bank teller and a self-employed home care aide.

           In her application for benefits, she indicated she had a right torn ACL, or anterior cruciate ligament, and fractured tibia that had not healed correctly, plantar fasciitis and also right knee arthrofibrosis.

           Procedurally, for purposes of this matter, plaintiff filed for Title II benefits on September 9, 2014. She alleged an onset date of disability beginning March 1, 2013. A hearing was conducted by Administrative Law Judge David Begley on October 4, 2016, wherein the plaintiff testified, as did a vocational expert. The hearing was held open for the receipt of further medical information.

           ALJ Begley issued a decision on March 7, 2017, noting that per plaintiff's earnings records, her last date insured was March 31, 2013. The ALJ then found plaintiff was not disabled during the relevant time. The Social Security

1  Administration made that a final determination of the agency
2  by the Appeals Council's denial of plaintiff's request for
3  review dated February 1, 2018.  This District Court action
4  followed.
5      ALJ Begley applied the required five-step
6  sequential test for determining disability.  At step one he
7  found plaintiff had not engaged in any substantial gainful
8  activity during the period from the alleged onset date of
9  March 1, 2013 through the date last insured of March 31,
10 2013.
11     At step two, he concluded plaintiff suffers from
12 the severe condition of right knee arthrofibrosis.
13     At step three, the ALJ concluded that the
14 plaintiff's impairment does not meet or medically equal any
15 of the listed presumptively disabling conditions.  Then,
16 after a review of the record evidence, the ALJ determined
17 plaintiff is capable of performing a full range of sedentary
18 work with additional limitations.
19     At step four, the ALJ concluded plaintiff is unable
20 to perform any past relevant work, and at step five the ALJ
21 applied the Medical Vocational Guidelines as well as obtained
22 the testimony from a vocational expert and concluded that
23 plaintiff was not disabled.
24     As relevant to the time period in question and per
25 the administrative record, plaintiff treated with her primary

1  care provider Dr. Mathew Ulahannan and orthopedists
2  Dr. Andrew Wickline and Dr. James Dennison as well as
3  physician assistants at Genesee Orthopedic and Plastic
4  Surgery Associates.  Dr. Mathew Ulahannan was a private
5  practitioner and not associated with Genesee Orthopedic.
6  Plaintiff also received treatment by Dr. Russell LaFrance at
7  Hamilton Orthopedic Surgery and Sports Medicine for her right
8  knee beginning January 27, 2014.  She obtained physical
9  therapy at Adirondack Sports Medicine and Physical Therapy
10 beginning in April of 2013 through August of 2013.
11         I've reviewed the record carefully and in light of
12 the arguments of counsel and what counsel have presented in
13 their briefs, I've applied the requisite deferential standard
14 which requires me to determine whether proper legal
15 principles were applied and whether the result is supported
16 by substantial evidence.
17         Plaintiff argues the Appeals Council failed to
18 consider additional medical evidence submitted after the
19 ALJ's decision and failed to remand the claim to the ALJ for
20 consideration of the additional medical evidence under the
21 treating physician rule.  Plaintiff also argues the RFC is
22 not supported by the medical evidence, and that the step five
23 determination was improper.
24         I'll turn first to the Appeals Council's
25 determination not to consider the additional evidence.  Under

1  the regulations, a plaintiff is expressly authorized to
2  submit new evidence to the Appeals Council without
3  demonstrating good cause.  Also under the regulations, the
4  Appeals Council must consider new and material evidence if it
5  relates to the period on or before the date of the
6  administrative law judge's hearing decision and there is a
7  reasonable probability that the additional evidence would
8  change the outcome of the ALJ's decision.
9              New evidence is any evidence that has not been
10 considered previously during the administrative process.
11 Thus, the Administration need not consider any evidence that
12 is cumulative to that which was already contained in the
13 record prior to the ALJ's decision.
14             Evidence is material in this context if it is
15 relevant to the plaintiff's condition during the time period
16 at issue and it is probative.  The Administration thus need
17 not consider evidence related to plaintiff's condition after
18 the last date insured.
19             Here, the additional evidence submitted to the
20 Appeals Council includes a treatment note from Dr. Ulahannan
21 dated March 11, 2013.  However, this treatment note was
22 already contained in the administrative record that was
23 before the ALJ and therefore is not new medical evidence.
24 Other treatment notes from Dr. Ulahannan submitted to the
25 Appeals Council dated February 13, 2014 to December 13, 2016

all concern treatment rendered after the last date insured, which is, as I've said, March 31, 2013, and the notes do not relate back to the relevant period. While the additional notes after the date last insured may show continued treatment and that her knee condition may have worsened over that later time period, plaintiff must show she became disabled on or before the last date insured. She has not done so with those additional records.

I also find that the Appeals Council was correct in determining that the resubmission of Dr. Ulahannan's medical source statement dated February 15, 2017 with the physician's name now printed under the signature does not change the outcome of the decision or the RFC finding. The ALJ had already reviewed this evidence, which only noted one date of treatment of March 13, 2013, during the period at issue, and the statement does not note when the limitations noted in it were initially present. Notably, the functional limitations listed by Dr. Ulahannan are generally consistent with sedentary work and with the additional limitations as determined by the ALJ in the RFC.

I also reject plaintiff's argument that Dr. Ulahannan's letter dated July 20, 2017, wherein he revised his February 15, 2017 source statement after reviewing other physicians' medical records for the period of March 13, 2013 to May 12, 2014, required the Appeals Council

1  to grant review.  I find the Appeals Council did not err in
2  finding that the July 20, 2017 letter would not have
3  reasonable -- have a reasonable probability of changing the
4  outcome of the decision of the ALJ.  The opinion is not
5  supported by the findings in Dr. Ulahannan's treatment note
6  of March 13, 2013, nor is it supported by the exam findings
7  of the orthopedic physicians at Genesee Orthopedics,
8  Dr. Wickline and Dr. Dennison, between the date of onset and
9  the last date insured, especially since those medical records
10 were contained in the administrative record at the time of
11 the ALJ's decision and were considered by the ALJ.
12 Additionally, physical therapy records in July and August of
13 2013, which were also part of the administrative record
14 considered by the ALJ, show plaintiff's right knee was less
15 stiff and less painful, her knee was feeling looser and
16 seemed straighter and she was walking easier.  She still had
17 some diminished extension and strength in the right knee but
18 only a slight antalgic gait.
19          All in all, I find the Appeals Council did not err
20 in denying plaintiff's request for review, nor did they err
21 in their explanation of their denial.
22          Next the plaintiff argues the RFC is not supported
23 by the medical evidence and that the ALJ substituted his own
24 opinion in determining the RFC.  I also find this argument
25 unpersuasive.  A plaintiff's RFC is the most she can do

1  despite her limitations and the determination is ultimately
2  left up to the ALJ, who must consider all medical -- all
3  relevant medical and nonmedical evidence.  The RFC need not
4  perfectly track any one opinion but must be supported by the
5  evidence of record as a whole.
6          I have done a thorough and searching review of the
7  record and find that the RFC is supported by substantial
8  evidence.  There were no gaps in the record for the relevant
9  time period.  The ALJ thoroughly discussed the medical
10 evidence and other evidence of record, formulated the RFC
11 based upon an assessment of all the medical and nonmedical
12 evidence as a whole for the relevant time period, and
13 thoroughly explained his analysis in arriving at the RFC.
14 Based upon the treatment during the relevant time period and
15 the other nonmedical evidence of record, the ALJ found
16 plaintiff capable of sedentary work and provided other
17 limitations including no use of ladders, ropes, or scaffolds,
18 no climbing, kneeling, or crawling, and no more than
19 occasional climbing of ramps or stairs and occasional
20 balancing, stooping, and crouching.
21         Here the relevant period correctly determined by
22 the ALJ was from March 1, 2013 to March 31, 2013, and the
23 administrative record before the ALJ contained all of the
24 medical and nonmedical evidence for that period and beyond.
25 A March 11, 2013 treatment note of Dr. Ulahannan indicates

1  that plaintiff complained of right knee pain and the exam
2  revealed tenderness with swelling and fluid thrill.  He
3  diagnosed a sprained right knee with effusion.  The x-rays
4  were negative for fracture and he referred her for orthopedic
5  evaluations with directions to use cold compresses and pain
6  medications.
7  　　　　　As I've already discussed above, the ALJ reviewed
8  Dr. Ulahannan's source statement which only noted one date of
9  treatment of March 13, 2013 during the period at issue.  And
10 the statement does not note when the limitations noted in it
11 were initially present.  Again, the functional limitations
12 listed by Dr. Ulahannan are generally consistent with
13 sedentary work and the additional limitations as determined
14 by the ALJ in the RFC.  I find the weight given to that
15 statement and the reasons for it as explained by the ALJ were
16 proper.
17 　　　　　Plaintiff also saw orthopedist Dr. Wickline on
18 May 13, 2013, and he diagnosed a right knee injury.  He
19 ordered an MRI, and he directed the plaintiff to rest, weight
20 bear as she could on crutches, and use ice and
21 antiinflammatory medications as well as elevate the leg.  The
22 MRI revealed she had an ACL tear and tibial fracture.  She
23 was then seen by physician assistant Christopher Jones in
24 Dr. Dennison's office on March 20, 2013 and she reported to
25 him that she was able to walk on the knee with little to no

1  problem.  The PA, whose note was countersigned by
2  Dr. Dennison, noted plaintiff's gait was mildly antalgic with
3  some swelling and decreased flexion and extension of the
4  right knee but no quadriceps atrophy.  Strength was four out
5  of five in the right leg.  He gave her a brace to use to keep
6  her non-weight bearing for a short period of time, from four
7  to eight weeks.
8      On March 29, 2013, just prior to the date last
9  insured, plaintiff was again seen by a PA and Dr. Dennison.
10  At that time, plaintiff had some swelling and effusion with
11  full extension but decreased flexion in the knee.  She was
12  told to work on range of motion and continue icing the knee
13  and continue antiinflammatory medications.
14      Although Dr. LaFrance did not begin treating
15  plaintiff until after the date last insured, the ALJ gave
16  some weight to his suggestion that plaintiff was capable of
17  some work after an initial six-month period after the
18  March 2013 injury.  Dr. LaFrance noted in January of 2014
19  that plaintiff currently enjoyed outdoor activities, walking,
20  and swimming.  She ambulated with a limp and needed no
21  assistive devices.  Her knee was tender but improving with
22  physical therapy and he recommended she continue the therapy.
23  Further notes in 2014 indicate her range of motion was
24  improving and she should continue with icing and continue the
25  antiinflammatory medication.

1    I find all of the treatment outlined above was
2 thoroughly reviewed by the ALJ and the records provide clear
3 and substantial evidence to support the RFC determination
4 such that meaningful judicial review is possible. Only where
5 the reviewing court is unable to fathom the ALJ's rationale
6 in relation to the evidence in the record would remand be
7 appropriate for further findings or clearer explanation for
8 the decision. Here I find the ALJ's analysis regarding
9 plaintiff's functional limitations and restrictions affords
10 an adequate basis for meaningful judicial review, applies the
11 proper standards, and is supported by substantial evidence
12 such that additional analysis would be unnecessary or
13 superfluous.
14    Further, the plaintiff's activities of daily living
15 also support the RFC. She testified she could drive about
16 four months after the March 2013 injury, and she noted in her
17 function report that she was able to do some cooking daily,
18 help her children get ready for school, do household
19 activities, and light housekeeping. She could go out alone
20 and walk a little bit. She shopped for groceries and spent
21 time with her family. Thus, I find the ALJ properly
22 evaluated the opinion evidence and gave good reasons for the
23 weight given to the opinions and also properly evaluated the
24 other medical and nonmedical evidence and properly explained
25 the reasons for the RFC.

1  In light of the foregoing and considering the
2  entire record and the ALJ's determination, I find that the
3  ALJ applied the appropriate legal standards of review in
4  determining plaintiff's RFC and the RFC is supported by
5  substantial evidence. I also find that the ALJ had a
6  complete record for the time period in question.
7  Regarding plaintiff's step five argument, I find it
8  to be without merit. Since I have found the RFC to be
9  supported by substantial evidence and since the vocational
10  expert's testimony was based upon a hypothetical that was the
11  same as the RFC, the ALJ properly relied on a vocational
12  expert's testimony that plaintiff could perform jobs that
13  exist in significant numbers in the national economy. The
14  RFC, which I have found properly supported and determined,
15  simply does not indicate that plaintiff would be off task
16  25 percent or more of the workday or that she would need
17  unscheduled breaks during the workday. Therefore, the
18  Commissioner met her burden at step five and correctly
19  determined the plaintiff was not disabled.
20  So I grant defendant's motion for judgment on the
21  pleadings, I will enter a judgment dismissing plaintiff's
22  complaint in this action. A copy of the transcript of my
23  decision will be attached to the order should any appeal be
24  taken from my determination.
25

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4         I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 21st day of May, 2019.
17
18
19                   /S/ JODI L. HIBBARD
20                   JODI L. HIBBARD, RPR, CRR, CSR
                     Official U.S. Court Reporter
21
22
23
24
25